WAGONER NATIONAL BANK vs WELCH ET AL.

Opinion rendered September 26, 1907.

(104 S. W. Rep. 610).

1. *Judgment—Default.*
> When a cause comes up for trial, and plaintiff fails to appear after being called three times in open court, the defendant being present in person and by attorney, default of plaintiff must be entered.

2. *Same—Vacating Judgment.*
> Unless default of plaintiff was through no fault of his own, but was the result of accident, fraud or mistake, the court is not authorized to vacate a judgment and allow a new trial.

3. *Same—Discretion of Court.*
> It is a matter for the discretion of the court whether a motion to

vacate a judgment and grant a new trial should be granted when made at the same term and a refusal to do so cannot be assigned as error.

4. *Usury—Forfeiture.*

Rev. St. U. S. § 5198 (U. S. Comp. St. 1901 p. 3483) provides that the reserving of a greater rate of interest than that the law allows if done knowingly, means forfeiture of the entire interest where the note is given for a sum larger than the amount actually received and proper interest on same.

5. *Writ of Error.*

Where a person is allowed a legal rate of interest he cannot assign error when all the interest is forfeited by reason of usury.

Error to the United States Court for the Northern District of the Indian Territory; before Justice Joseph A. Gill, February 8, 1906.

Action by the Wagoner National Bank against T. J. Welch and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Robert F. Blair,* for plaintiff in error.

*W. H. Kornegay, W. S. Wolfenberger,* and *Thomas A. Jenkins,* for defendants in error.

LAWRENCE, J. August 4, 1903, plaintiff in error filed its complaint at law, complaining of Thomas J. Welch, Mary Welch, Thomas J. Welch, Jr., and Hattie Welch, defendants, wherein it is alleged that February 28, 1903, defendants made to plaintiff their promissory note for $584.25, due August 1, 1903, with interest at 8 per cent. per annum; and to secure same defendants executed to plaintiff a chattel mortgage on a number of head of cattle. It is averred that the debt is due; that demand had been made, and payment refused; and judgment is asked for said debt, $50 damages, and for costs. August 5, 1903, there was filed in the office of the clerk of [said District Court, at Tahlequah, a paper named 'affidavit for replevin," entitled "Wagoner National Bank

vs Thomas J. Welch et al.," made by C. J. Brown, cashier of said bank, as its agent, for possession of the property described in the chattel mortgage above mentioned, and therein valued at $565. On the same date was filed in said cause the affidavit of one J. C. Hazelett, as agent of said plaintiff, in which it is alleged, upon belief of affiant, that the defendants, T. J. Welch and T. J. Welch, Jr., have concealed, removed, or disposed of said property, to defeat plaintiff's action. At the same date a replevin bond was given and filed. A writ of replevin was thereupon issued, with capias clause, as provided by the statute, that in case the property could not be found the officer executing same was commanded to bring into court the bodies of said T. J. Welch and T. J. Welch, Jr., to answer the plaintiff. The return of the officer thereon shows that a number of the animals named in the writ, of the estimated value of $292.50, had been taken and delivered to plaintiff, the remainder not found after diligent search, and that said two defendants had been placed under arrest. August 7, 1907, there was filed in the said clerk's office, in said cause, an affidavit and bond for writ of attachment against the property of all the defendants, on the three several grounds that they had removed their property beyond the jurisdiction of the court; that they had sold same to cheat, hinder, and delay their creditors; and that they were about to sell same with a like intent. Thereupon the writ issued, and same was returned August 11, 1903, showing that there had been seized thereunder two mules, two horses, and a pony. August 17, 1903, application was made to judge, in chambers, for release of said two defendants from custody, and same was allowed, upon their giving bond in sum of $275 for their appearance on the first day of the ensuing term of court at Tahlequah.

November 9, 1903, all the defendants answered the complaint, wherein it is alleged that March 4, 1902, said defendant T. J. Welch, Sr., received $350 from plaintiff, for which

he gave it his promissory note for $393, of that date, due four months after date, with 8 per cent. interest per annum, and to secure its payment then executed the chattel mortgage described in said complaint. To secure a renewal of said note February 28, 1903, all the defendants made the note sued upon for the sum of $584.25. It is averred that defendants received no greater or other sum of money for the making of said note than the sum of $350, aforesaid, and the chattel mortgage named in the complaint was to secure payment of said note. They expressly deny the concealment, removal, or disposition of any of the said property with intent to defeat this action. They pray for a return of the property replevied and attached, and for $300 damages. March 24, 1904, defendants filed affidavit controverting the cause for attachment, and therein ask for $500 damages. March 29, 1904, plaintiff filed demurrer and reply to answer. Demurrer was overruled. November 9, 1904, an amended answer was filed, in which the justness of plaintiff's claim for $584 is denied; also, denying its ownership in the property in question, and right to possession thereof; repeats its answer hereinbefore filed as to usury; and make the additional defense of duress in making the note of February 28, 1903, and the chattel mortgage to secure its payment, in this, that said agent Hazelett, with a deputy marshal, came to the house of defendant T. J. Welch, Sr., and threatened to arrest and imprison him, and did then and there arrest him and take him to Tahlequah and deprive him of his liberty, and while there and under arrest, and with the continued threat of being sent to the penitentiary, he was coerced to execute said note and mortgage. They ask for a return of said property taken under the writ of replevin, and for $500 damage for its detention, and for all other proper relief. November 9, 1904, plaintiff filed motion for order striking amended answer from the files. The record fails to show any disposition of this motion, except that it was, on that date, passed for further hearing.

February 6, 1906, the following order was entered: "This day this cause came on for hearing in its regular turn, and the plaintiff comes not. The defendants are present and attended by counsel and demand trial. Upon order of the court, the plaintiff is called three times in open court and comes not, but herein makes default. The defendants herein waive their right to trial by jury, and submit their case to the court for findings and adjudication herein." February 8, 1906, the following order was entered: "This day this cause came on for hearing on the special findings of facts and conclusions of law in this case, and the court reports its findings in favor of the defendants and against the plaintiff on the attachment, and for balance due on property replevied as per findings set forth herein. Thereupon the court pronounces judgment in favor of defendants in the sum of $400, with interest from the 9th day of November, 1904, at 6 per cent. per annum, for which let execution issue." February 6, 1906, the court filed its findings of fact that the note of $584 was a renewal note for a note executed by Thomas J. Welch, Sr., for $393, and secured by chattel mortgage, of date March 4, 1902, and that for the consideration of said note of $584.25 defendant received of the plaintiff only the sum of $350. The court further found that plaintiff had not cause for the attachment proceeding. The court's conclusions of law were that the note of $584.25 was usurious and void, except as to the sum of $350, with interest thereon at the rate of 6 per cent. per annum from March 4, 1902; that the property attached was wrongfully taken, and defendants were entitled to have and recover of plaintiff $245, the value of it; that plaintiff was entitled to have and retain possession of the property replevied to satisfy its just claim of $350, and the value of the property was $505; and that plaintiff shall account to defendants for the difference, $155, with the said $245, making $400, with interest at 6 per cent. per annum November 9, 1904.

February 26, 1906, plaintiff, by permission of the court, filed its motion to vacate said judgment and for a new trial, and alleged as grounds therefor: First, the judgment is not sustained by the evidence; second, that it is contrary to law; third, the finding of the value of the property attached was $245, because it was claimed by H. R. Garvin Company, in an action of replevin, wherein this court, April 1, 1904, rendered judgment in favor of said Garvin Company for value of said property in the sum of $95; fourth, the error of the court in holding that the note of $584 was tainted with usury, and void except as to the sum of $350, with 6 per cent. interest per annum from March 4, 1902; fifth, holding that plaintiff forfeited all interest; sixth, in holding that plaintiff was entitled to the property to the value of $350, and that the mortgage was valid; seventh, in overruling demurrer to answer; eighth, in holding that the note and mortgage were void in part; ninth, the misleading of plaintiff and his attorney, and thereby preventing them from being present at this term of court, in that defendants first appeared by Thomas, Harrison & Vessey, attorneys, who prepared the answer, pleading usury, and then withdrew from the case. Defendants next appeared by Wolfenberger & Jenkins, attorneys, who prepared the second answer, pleading duress, and also the motion to dissolve the attachment. Defendants next appeared by Kornegay, their attorney, who made motion to set aside the order of arrest. Further: That suit had been continued by agreement at the March term, 1905, and at the November terms, 1904 and 1905. That during the summer of 1905 Kornegay submitted to plaintiff a proposition of compromise of this suit and another pending in the United States Court at Wagoner for the sum of $250, and while it was pending Kornegay wrote plaintiff's attorney a letter, dated November 10, 1905, in substance, that he "did not know whether any civil business would be tried at Tahlequah or not. The Bank vs Welch is over

there. I would as leave continue it to the civil term. Let me hear from you." That soon after plaintiff's attorney had an interview with Wolfenberger, who informed him that he had not got one cent of fee or expenses, and he (Wolfenberger) would have nothing more to do with the case, and that plaintiff's attorney thereafter did not consider Wolfenberger in the case, and he did not know that he was acting for defendants until after judgment had been rendered. That Kornegay and plaintiff's attorney were considering the compromise when the February term, 1906, at Tahlequah, convened, which would probably have been consummated if the judgment had not been rendered. The motion is verified by plaintiff's attorney. The motion was overruled, to which plaintiff excepted, and prayed an appeal, and was given five days in which to file supersedeas bond and perfect his appeal.

Plaintiff in error brings the record here, upon which he has assigned nine errors: The first and second being the denial of the motion to vacate the judgment and grant a new trial for want of evidence to sustain it, and because of fraud of defendants in error, and by the words and actions of their attorneys; third, the finding of the value of the property attached to be $245; fourth and fifth, in holding that the note sued on was tainted with usury and void, except as to $350, and that plaintiff in error forfeited all the balance of the note; sixth, in holding that plaintiff was only entitled to $350 in value of the mortgaged property, and that the value of the property taken under the writ of error was $505, and giving defendants judgment for $155; seventh, in the overruling of the demurrer to answer; eighth, holding that the note was void as to the part over and above the actual amount of the money loaned; and ninth, that the judgment for $400 is unjust.

A determination of the alleged errors 1 and 2 will obviate the necessity of a consideration of the greater part of the others assigned. The record shows that this cause came on for trial

in the regular call of the docket. The defendants were present in person and by their attorneys, and the plaintiff failed to appear after being three times called in open court. There was but one thing for the court to do; to enter the default of plaintiff, and, but for the counterclaim of defendants for damages, to have dismissed the action for want of prosecution. Defendants waived a jury and tried their counterclaim to the court, which, upon a hearing of the testimony, found in favor of the defendants, after allowing all the credits which plaintiff was entitled to receive. Subsequently, and during the same term of the court, plaintiff was granted leave to file a motion to vacate the judgment and for a new trial. The court was not authorized, under the law, to grant the motion, unless it was made to appear that plaintiff's default was without fault upon his part, and was the result of accident, fraud, or mistake. While the court has control of its judgments during the term at which they are rendered, and may set them aside, yet it must be upon good cause shown. No such condition of fact appears from the record in this case. The allegation in the affidavit in support of the motion to vacate the judgment on the ground that plaintiff and his attorney were misled and prevented from being present at the time and place fixed for the trial by the 'fraud of defendants and the words and actions of defendants' attorneys" is not sufficient. It is not stated in said affidavit or pretended in argument that these "words and actions" were fraudulently made, and there is utter failure of a showing of any fraud upon part of defendants in procuring this judgment. Admitting that the facts were such as to authorize the court to exercise its discretion, it would be a judicial discretion; and its refusal to grant the motion, in the absence of a clear showing of accident, fraud, or mistake, could not be assigned as error. The solemn judgment of a court is too stable to be changed or upset by every whiff of wind. This disposes of that assignment of error.

As there is not any bill of exceptions in the record, no error can be considered except such as plainly appear upon the face of the record. All of the assignments of error that relate to the findings of fact must be denied, for, in the absence of the evidence upon which they are founded, they must be conclusively presumed as properly found.

Complaint is made that the court erred in finding that all of the note above $350 was tainted with usury. This finding of fact, as we have observed, is conclusive. The court further found that the plaintiff wrongfully replevied from defendants, or otherwise took under the mortgage, property in value in excess of the amount of money actually loaned, $155, which left the plaintiff the debtor of defendants to that amount; and, not being satisfied, the plaintiff seized other property of defendants, under a writ of attachment, to the value of the $245, increasing its liability to defendants to the amount of $400, for which judgment was rendered, with interest at 6 per cent. per annum from November 9, 1904. Was the court, under the law, justified in denying interest to plaintiff on the actual loan of $350? Section 5198, Rev. St. [U. S. Comp. St. 1901, p. 3493], provides, in case of usurious interest taken by national banks, as follows: "The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section [the rate in the state or territory where the bank is located], when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid therein." There can be no difficulty, under this law, in reaching a conclusion as to what shall be done with the interest—"a forfeiture of the entire interest"—which means that it shall not be allowed. However, the court took a more liberal view of it and allowed interest at the rate of 6 per cent. per annum from the date of the original loan of $350, from March 2, 1902. The plaintiff has no cause to assign error

upon this. But plaintiff insists that defendants failed to plead that the excessive charge for the use of the money was "knowingly done." The entire answer of defendants necessarily shows that the original note taken for $393 for the $350 loan, for four months, was fourfold more than the highest legal rate of interest under the statute allowed; and the renewal of this note, February 28, 1903, for $584.25, without any evidence appearing in the record showing an additional consideration than the original loan of $350, is such an exorbitant charge for the use of $350 for less than a year as to satisfy any court or jury that it was "knowingly done." Furthermore, it is conclusively presumed that the court heard evidence as to the scienter.

A careful reading and consideration of the entire record and briefs of counsel fails to show any error of the trial court of which this plaintiff can justly complain.

Judgment affirmed.

CLAYTON and TOWNSEND, JJ., concur.