[Civ. No. 1100.  Second Appellate District.—June 19, 1912.]

A. W. LAMB et al., Respondents, v. FREDERICK G. WILKE, Appellant.

ACTION BY HEIRS TO SET ASIDE DEED OF AGED UNCLE—MENTAL UN-SOUNDNESS—UNDUE INFLUENCE—SUPPORT OF FINDINGS—CONFLICT-ING EVIDENCE—PROVINCE OF TRIAL COURT.—In an action by the heirs at law of an aged uncle to set aside a deed made by him to the defendant while he was of unsound mind and acting under the undue influence of the defendant, in which the findings and judgment were for the plaintiffs, it is held that there is competent evidence to sustain each and every finding against the validity of the deed, not-withstanding conflicting evidence to the contrary.  It was the prov-ince of the trial court to weigh the conflicting testimony; and the appellate court cannot substitute its judgment upon the evidence for that of the trial court.

ID.—DECLARATIONS OF DECEASED ADMISSIBLE AS BEARING ON MENTAL UNSOUNDNESS—UNDUE INFLUENCE TO BE OTHERWISE PROVED.—The court properly admitted declarations of the deceased, so far as bear-ing upon the issue of his mental unsoundness; but such declarations can· have no bearing upon the question of undue influence, which must be established by other evidence than the declarations.

ID.—OPINION EVIDENCE OF INTIMATE ACQUAINTANCE AS TO MENTAL UN-SOUNDNESS.—The court properly permitted one shown to have long been a familiar and intimate acquaintance of the deceased to testify as to his opinion of the mental unsoundness of the deceased for months preceding the execution of the deed and on the days preceding and succeeding such execution, where such opinion was followed by a statement of facts upon which it was based.

ID.—MOTION FOR NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DISCRE-TION OF TRIAL COURT.—Where a motion for a new trial was made upon newly discovered evidence, under the rule that it should be of such a character as to render a different result probable upon a new trial, such question is one to be determined by the trial court in the exercise of a discretionary power, which will not be interfered with except when manifest abuse is apparent, which does not appear when it cannot be said that "it is clear that the proposed evidence would render a different result probable."

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. George E. Church, Judge Presiding.

The facts are stated in the opinion of the court.

H. T. Morrow, and A. R. T. Truex, for Appellant.

Gray, Barker, Bowen, Van Dyke & Jutten, for Myra Watson Inglis, Respondent.

Joseph Scott, and James L. Irwin, for All Other Respondents.

ALLEN, P. J.—Action to set aside a deed executed by one James D. Watson, deceased, to appellant while deceased was of unsound mind and acting under undue influence of appellant. Plaintiffs and respondents are nephews and nieces of the deceased. The action was tried by the court, which finds all of the material allegations of the complaint to be true; that Watson was of the age of seventy-six years at the time of the execution of the deed and was of unsound mind and incompetent to make a contract; that at such time he did not possess a mind sufficiently clear and strong to enable him to know and understand the nature of the act in which he was then engaged, or to know and recollect those who were the natural objects of his bounty; that at the time of the execution of the deed he was sick and suffering from a disease causing his death two days thereafter; that he was upon his death-bed when the deed was signed; that deceased had no independent advice, but acted solely upon the inducement and advice of defendant; that no consideration was paid for the deed; that at the time of the conveyance of said property, and for some time prior thereto, Watson implicitly confided in and trusted defendant, and wholly depended upon defendant's advice and counsel in matters of business, and a relation of trust and confidence existed between them; that said deed was delivered and recorded on the twenty-fourth day of January, 1908, the day succeeding the date of its execution and the day preceding the date of the death of the grantor; that defendant immediately took possession of the property; that Watson did not know the nature or consequence of his act, and was incapable of understanding its force and effect at the time of the execution of the deed, and was not then of sound and disposing mind. The court set aside the deed, and from this judgment and an order denying a new trial defendant appeals.

The principal specifications presented by appellant relate to the insufficiency of the evidence to justify the findings. No good purpose would be served by incorporating herein a *résumé* of the evidence. We think it sufficient to say that a careful examination of the entire record demonstrates that there was some competent evidence before the court justifying each and every finding by the court made. The cause was tried by a learned jurist, competent to weigh the testimony and consider the force and effect which should be given the statements of witnesses. These witnesses, whose statements were conflicting and irreconcilable, were before the trial court, and it determined to what statements credit was due, and it is not within the province of this court to weigh the testimony, thereby substituting its judgment for that of the trial court.

Appellant claims prejudicial error on account of the action of the trial court in permitting the witness Lundregan to testify to conversations had with the deceased some time before the execution of the deed with reference to making a disposition of his property. It may be conceded, ''where the testator was, beyond question, of sound mind, such statements were entitled to no weight at all, in the absence of proof of influence as to the very testamentary act.'' (*In re McDevitt*, 95 Cal. 17, [30 Pac. 101].) While such declarations are not admissible to prove undue influence or fraud charged, they are, however, admissible to prove the state of mind or mental capacity. One of the chief allegations, the thing most relied upon, was the matter of the grantor's soundness of mind at the time of the execution of the deed. As said in *Estate of Arnold*, 147 Cal. 593, [82 Pac. 256] : ''The external facts constituting the exercise of undue influence must be established by other evidence than the declarations of the testator. His declarations are incompetent to show either that the influence was exercised, or that it affected his actions, and are inadmissible, except as they may illustrate his mental state and give a picture of the condition of his mind contemporaneous with the declarations themselves.'' (See, also, *In re Calkins*, 112 Cal. 301, [44 Pac. 577].) The whole narrative objected to went more toward establishing the mental condition of deceased than that of anything else, and, in so far as it tended to establish his mental condition, it was, in our opinion, competent evidence.

It is also claimed the court erred in permitting the witness Lundregan, who was shown to have long been a familiar and intimate acquaintance, to testify as to his opinion of the mental condition of deceased on the day preceding the execution of the deed. This opinion was followed by a statement of facts upon which such opinion was based, not only tending to show his mental condition on that day, but for months preceding and upon the day succeeding the execution of the deed. We think there was no error which intervened on account of the admission of such evidence.

It is finally claimed by appellant that the court erred in denying his motion for a new trial based upon affidavits disclosing newly discovered evidence. The most that can be said of these affidavits is that they tended to show that upon a new trial defendant would be able to establish that the statement of plaintiffs' chief witness as to the amount Watson received from a certain crop was untrue, and that the statements made by Watson to such witness as to the ownership of certain horses were untrue. Under the rule that newly discovered evidence should be of such character as to render a different result probable upon a new trial, and such question being one to be determined by the trial court in the exercise of a discretionary power, which power will not be interfered with except when manifest abuse is apparent (*Oberlander* v. *Fixen & Co.,* 129 Cal. 692, [62 Pac. 254]), we are unable, as said by the court in *People* v. *Buckley,* 143 Cal. 392, [77 Pac. 176], to say "that it is clear that the proposed evidence would render a different result probable." We are of opinion that the entire record develops evidence in support of the findings, that such findings are sufficient to support the judgment, and that no prejudicial error intervenes.

Judgment and order affirmed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 16, 1912.