# WASHINGTON COUNTY ABSTRACT COMPANY et al. v. HARRIS.

No. 4080. Opinion Filed April 20, 1915.

Rehearing Denied July 6, 1915.

(149 Pac. 1075.)

1. **APPEAL AND ERROR—Presentation for Review—Evidence—Recital.** In order to pass upon any of the grounds contained in a motion for a new trial, or a demurrer to the evidence, it will be necessary to examine the evidence, and, if the record does not affirmatively show a recital or statement that the same contains all the evidence introduced at the trial, this court cannot, in the absence of any such recital or statement in the case-made itself, consider an assignment, which would require such examination and review of the evidence.

2. **SAME—Finding of Fact—Presumption.** Where evidence produced at the hearing is not brought up by case-made, the presumption will be indulged that the finding of fact by the trial court is correct.

3. **SAME—Finding of Fact—Conclusiveness—Conflicting Evidence.** Where a case is tried by the court without the intervention of a jury, and special findings of fact are made, and those findings are based upon oral testimony in this court, such findings are conclusive of any disputed and doubtful questions of fact.

4. **ABSTRACTS OF TITLE—Negligence—Right of Action—Purchaser—Damages Recoverable.** Under section 1, Snyder's Stat. 1909 (sec. 1, Rev. Laws 1910), an abstractor who furnishes an abstract of title for a party, by and through an agent of such party, and which said abstract fails to show a deed on record at the time said abstract was made and delivered, whereby the party for whom the abstract was furnished, on reliance of which said abstract the party for whom the same was furnished, purchased the land described therein, and the title to said land thereafter fails in said purchaser because of the deed omitted from said abstract, the purchaser may recover the damages he has sustained by reason of the abstractor's negligent and careless acts in failing to show said deed in said abstract including the price paid for the land, and reasonable attorney's fees, costs, and other necessary expenses expended by him, in attempting to

48—19

defeat the outstanding title under said deed, provided there was a reasonable probability of defeating said title.

5. **SAME—Defense.** The proximate cause of the injury in such case is the failure of the abstractor to show in the abstract the the record of the outstanding deed, and the fact that the title in the purchaser might have failed for some other cause not shown in he record would not itself defeat te plaintiff's right to recover against the abstractor and his bondsmen.

(Syllabus by Robberts, C.)

*Error from District Court, Washington County;*
*R. H. Hudson, Judge.*

Action by F. S. Harris against the Washington County Abstract Company, a corporation, and another. Judgment for plaintiff, and defendant bring error. Affirmed.

*Brennan, Kane, Michaelson & McCoy,* for plaintiffs in error.

*W. O. Rittenhouse* and *L. G. Owen,* for defendant in error.

Opinion by ROBBERTS, C. This was an action by the defendant in error, plaintiff below, herein designated as plaintiff, against the plaintiffs in error, defendants below, herein designated as defendants, to recover damages for failure of the defendant abstract company to show on an abstract of title to real estate, made by it as an abstractor, for plaintiff, upon the order and request of plaintiff, by his agents, a certain deed from one Ira S. Hopkins to Delilah B. Hopkins was shown on the deed records of Washington county, Okla., wherein said land is located, at the time said abstract was made and delivered by defendant abstract company to the plaintiff.

The defendants answer by general denial, unverified, and further alllge that plaintiff procured said deed from said Ira S. by fraud and duress, and without consider-

ation, and that said deed was made and delivered to plaintiff while said Ira S. was a minor.

To defendants' answer plaintiff replies by general denial, and pleads estoppel, on the ground that it had been judicially determined in a case between Delilah B. and the plaintiff, in a court of competent jurisdiction, that said deed had not been obtained by fraud and duress.

A jury was waived, and the case tried to the court, who made special findings of fact and conclusions of law, from which a more complete understanding of the issues will be gathered, and are as follows:

"The court finds that the defendant Washington County Abstract Company is a corporation duly organized under the laws of the state of Oklahoma and engaged in the general abstract business, and that the defendant Commerce Trust Company is a corporation and engaged in the general business of a trust company, including the signing of bonds as surety thereon.

"The court finds that, in compliance with the laws of this state, the said abstract company executed its bond in the sum of $5000, conditioned that it would pay what damage might accrue to any person by reason of any incompleteness in any abstract furnished by it, which bond was signed by the defendant the Commerce Trust Company as surety thereon.

"The court further finds that on the 16th day of July, 1909, the plaintiff, through his agents, contracted to purchase from one Ira S. Hopkins the following described land, to-wit, * * * and agreed to pay therefor the sum of $500, and that on the said date the said Ira S. Hopkins executed and delivered to this plaintiff his warranty deed for said land. This deed was filed for record in the office of the register of deeds at Bartlesville, Okla., on the 20th day of July, 1909.

"The court further finds that at the time of the execution and delivery of the said deed, it was agreed by

and between the parties thereto that the purchase price thereof should not be paid by plaintiff until the plaintiff could procure an abstract of title thereto, showing a clear and perfect title to said lands in said grantor, Ira S. Hopkins.

"The court further finds that within a reasonable time thereafter plaintiff ordered, through his agents, from the defendant abstract company, an. abstract of title to the lands above described, and the said abstract company agreed to furnish a true and correct abstract of title to said property, and that on the 21st day of July, 1909, the said abstract company did furnish an abstract of title to said premises for said plaintiff, to the lands above described, and certified that the said abstract contained a correct abstract of all conveyances or other instruments of writing on record in the office of the register of deeds in said Washington county, which in any way affected the title to said property.

"The court further finds that on the 19th day of July, 1909, the said Ira S. Hopkins executed and delivered to Delilah B. Hopkins his warranty deed, selling and conveying to Delilah B. Hopkins all the lands above described, which deed was recorded in the office of the register of deeds of said Washington county on July 19, 1909.

"The court further finds that said deed so made and executed by said Ira S. Hopkins to Delilah B. Hopkins was recorded July 19, 1909, and that the said abstract company negligently and unlawfully omitted to show said deed or any record in said abstract so made and prepared for the plaintiff, but, on the contrary, said abstract showed that the land in question was allotted to Ira S. Hopkins, a Cherokee freedman, and showed the execution and recording of said deed executed by said Hopkins to this plaintiff on July 16, 1909, and recorded on July 20, 1909, as aforesaid, thereby showing the title to the land in question to be vested in this plaintiff, free and clear of any liens or incumbrances of record, in the office of said register of deeds.

"The court further finds that the plaintiff, relying upon and believing that the abstract furnished by the defendant abstract company did contain a true and correct record of all instruments of record in said register of deed's office, affecting the property above described, paid to the agent of the said Ira S. Hopkins the purchase price of said land in the sum of $500.

"The court further finds that on the 29th day of November, 1909, the said Delilah B. Hopkins filed in the office of the clerk of the district court of said Washington county a suit against the plaintiff to quiet the title to the lands above described, and that thereupon the plaintiff gave notice to said defendant abstract company and its surety of the pendency of said suit, and that said defendants refused to defend said suit and refused to reimburse the plaintiff in the sum of $500 expended by him.

"The court further finds that there was a reasonable probability of defeating said action, and thereby lessen the damages so sustained by the plaintiff, and that the plaintiff did defend said suit for such purpose, and employed counsel and incurred expenses in the sum of $100 for attorney fees, and the further sum of $71.40 incurred for traveling expenses, costs, and other necessary incidentals connected with the defense of said action.

"The court further finds that on the 11th day of February, 1911, the case of Delilah B. Hopkins against the plaintiff herein was heard and determined, and it was decreed and adjudged that the title of the lands in question was vested in Delilah B. Hopkins, and an order of court was made canceling the deed executed by said Ira S. Hopkins to this plaintiff.

"The court further finds that all the material allegations made in plaintiff's petition are true, and that, by reason of the negligence of the said abstract company, the plaintiff has been damaged in the sum of $500 expended by him as purchase price for said land, and the further sum of $171.40 as attorney fees and expenses incurred in defending the above-mentioned action, and the

further sum of $30 paid by the plaintiff as commission in the purchase of said land, and the further sum of $25 for time and labor expended by the plaintiff in an effort to protect his title to the lands in the suit above mentioned, making the total amount of the plaintiff's damages in the sum of $726.40, together with interest on the sum of $530 from the 1st day of July, 1909, at 6 per cent per annum.

"It is therefore adjudged that the plaintiff have judgment against the defendant for the sum of $726.40, together with interest on the sum of $530 from the 1st day of July, 1909, at 6 per cent per annum, and for costs of suit herein expended."

For reversal of the case the plaintiffs in error contend for the following specifications of error: First. The court erred in overruling the motion of said plaintiff in error for a new trial. Second. The court erred in overruling the demurrer of plaintiff in error to the eleventh and twelfth paragraphs of the petition of the plaintiff in error. Third. The court erred in overruling plaintiff in error's demurrer to the evidence of defendant in error. Fourth. The court erred in rendering judgment and decree for plaintiff in error for the sum of $726.40, together with interest on the sum of $530 from the 1st day of July, 1909, at 6 per cent per annum, and for costs of said action.

The first and third specifications, in so far as they relate to the sufficiency of the evidence to sustain the judgment, will be disposed of together.

In determining whether or not a motion for a new trial should be granted, or whether a demurrer to the evidence should be sustained, it becomes necessary to examine the evidence, for the reason that this court cannot pass upon the sufficiency of the evidence to support the judgment, unless it has before it for consideration all of the

evidence introduced on the trial of the case. It has been repeatedly held . that before this court will consider the record and reverse a case upon the ground that the findings of the court and judgment thereon are contrary to the evidence, or are not sustained by sufficient evidence, it must affirmatively appear in the case-made itself that it contains all the evidence; and a mere statement or recital of that fact in the certificate of the trial judge is not sufficient. One of the latest, if not the latest, expressions of this court upon that. question is as follows:

"In order to pass upon any of the grounds contained in the motion for a new trial in this cause, it would be necessary to examine the evidence, and the record does not affirmatively show a recital or statement that the same contains all the evidence introduced at the trial. This court cannot, in the absence of such recital or statement, consider an assignment which would require such examination and review of the evidence." *(School Dist. 38 v. School Dist. 92,* 42 Okla. 228, 140 Pac. 1144.)

This rule is too well settled in this state to justify a citation of the many authorities on that subject.

We have searched the record diligently, and while we find a certificate of the stenographer, and also of the trial judge, to the effect that the "foregoing case-made contains all of the evidence taken and heard at the trial," we are unable to find any statement in the case-made itself to that effect.

We are also limited in the further investigation of facts as found by the court, for the reason that it has been time and again held by this court that:

Where evidence produced at the hearing is not brought up by case-made, the presumption will be indulged in that the findings of fact by the trial court are correct. *U. S. v. Choctaw, O. & C. R. R.,* 3 Okla. 404, 41 Pac. 729; *Rich-*

*ardson v. Selby,* 3 Okla. 68, 41 Pac. 378. The court's findings of fact will be. conclusively presumed to be correct if the evidence upon which they are based is lacking. *Wagoner National Bank v. Welch,* 7 Ind. T. 259, 104 S. W. 610. And again: Where the evidence is not brought upon appeal, it will be presumed that it sustained the judgment of the court. *Rogers v. Brown,* 15 Okla. 524, 86 Pac. 443.

Even though the evidence had been brought up, this court would be bound by the findings of the trial court upon the questions of fact, unless it should be clearly apparent that the court had misconstrued the testimony, or had based its findings upon facts, for proof of which there was absolutely no testimony, for the reason that it is well established by this court that:

Where a case is tried by the court without a jury, and special findings of fact are made, and those findings are based in part upon oral testimony, such findings are conclusive by this court upon any disputed and doubtful questions of fact. *McCann v. McCann,* 24 Okla. 264, 103 Pac. 694; *Seward v. Casler,* 24 Okla. 275, 103 Pac. 740; *Alcorn v. Dennis,* 25 Okla. 135, 105 Pac. 1012; *Roberts v. Markham,* 26 Okla. 387, 109 Pac. 127; *Runyan v. Fisher,* 28 Okla. 450, 114 Pac. 717.

"The finding of the trial court upon controverted questions of fact will, on appeal, be given the same effect as the verdict of a jury." *(Smith v. Spencer,* 8 Okla. 459, 58 Pac. 638; *Deming Inv. Co. v. Love,* 31 Okla. 146, 120 Pac. 635.)

Where the evidence reasonably tends to support the finding of fact by the trial court, such findings will not be disturbed on appeal. *Bretch v. Winston,* 28 Okla. 625, 115 Pac. 795; *Bank v. Arnold,* 28 Okla. 49, 113 Pac. 719.

Notwithstanding the apparent condition of the record, as well as the conclusiveness of the findings of the trial court on the questions of fact, we have carefully read the

testimony, so far as it is shown in the case-made, and are fully convinced that the findings of the court are not only sustained by the evidence, but that the testimony clearly shows that the findings of the court are correct. This brings us to the question of law involved in the case.

Before proceeding further, we here call attention to the secoid specification of error, viz.:

"The court erred in overruling the demurrer of plaintiffs in error to the eleventh and twelfth paragraphs of petition of the plaintiffs in error."

Opon examination of the record, we fail to find a demurrer to the amended petition, but do find a demurrer in the record, to the original petition, which was overruled by the court, and we think correctly, but the original petition was superseded by the amended petition, and its effect entirely destroyed thereby, and for that reason this demurrer will not be further considered. Volume 1, Enc. Pl. & Pr. 625.

From the findings of the court it appears: (1) That on the 16th day of July, 1909, Ira S. Hopkins, a freedman, deeded to the plaintiff, F. S. Harris, certain lands in Washington county, which deed was filed for record in the office of the register of deeds of said county on the 20th day of July, 1909. (2) On the 19th day of July, 1909, said Ira S. Hopkins deeded the same tract to Delilah B. Hopkins, which deed was recorded on the 19th day of July, 1909. (3) On the 21st day of July, 1909, the abstract company furnished an abstract of title to said lands for the plaintiff, and failed to show in said abstract the deed from Isa S. Hopkins to Delilah B. Hopkins, which was recorded two days before the abstract was furnished, and plaintiff, after receiving said abstract, and relying thereon. paid for said land.

The primary question to be settled is whether, under the findings of facts, the plaintiff is entitled to recover such damages as he sustained by reason of the failure of the abstract company to show in the abstract the deed from Ira S. Hopkins to Delilah B. Hopkins.

Defendants contend that plaintiff cannot recover because he was not privy or a party to the contract; that the plaintiff is not the "person to whom" said abstract was furnished; and, to support this contention. they rely on chapter 1. section 1, Comp. Laws 1909 (sec. 1, Rev. Laws 1910), which was in force at the time of the transaction, and at the time the bond was given, which is as follows:

Section 1. "It shall be unlawful for any person. firm or corporation to hold themselves out as abstractors and to engage in the business of abstracting title to real estate in any of the counties of this state, without first having executed and filed with the county clerk of the county in which said person, firm or corporation intends to engage in the business of abstracting, a bond, * * * in the sum of $5,000, conditioned that he will * * *pay all damages that may accrue to any person by reason of any incompleteness, imperfections or error in any abstract furnished by him. * * * Firm or corporation * * * shall, together with the sureties thereon, be liable on said bond * * * to any * * * persons for whom he or they may compile, make or furnish abstracts of title, to the amount of damage done to said person or persons by any incompleteness, imperfection or error made by said person, firm or corporation in compiling said abstract."

Upon these contentions defendants meet with two impregnable obstacles: In the first place, they seem to overlook the fact that the petition alleges that plaintiff "contracted to purchase said land by and through his agents, L. E. Hood and Roy Harris, both of whom were

then and there in his employ, and working for him." This allegation of employment and agency is not denied under oath, and will therefore be construed as an admission that they were his agents, not only for the purpose of purchasing the land, but for all other purposes necessarily and usually required to be done in the performance of their duties as such agents, which in this day and age would include obtaining an examination of the abstract of title to the lands purchased. The allegation that a person is the duly authorized agent should be construed as stating that he was the duly and regularly authorized agent for all purposes in connection with the transaction set forth in the petition, with full powers legally conferred, and needs no further proof. *Mitchell v. Knudtson,* 19 N. D. 736, 124 N. W. 946; *Hanson v. Svarerud,* 18 N. D. 550, 120 N. W. 550; *Baird Inv. Co. v. Harris,* 209 Fed. 291, 126 C. C. A. 217.

The second difficulty with which defendants are met in their contention is the fact that the trial court finds as a matter of fact that:

"The plaintiff ordered through his agents, from the defendant abstract company, an abstract of title to the lands described," and said abstract company did furnish an abstract of title to said premises "for said plaintiff to the lands above described."

By a careful reading of the statute it will be noticed that it does not give the right of action alone to the person "to whom" the abstract is delivered, but the language is: "For whom he (the abstractor) may compile, make or furnish abstracts of title." This language is broad, and is not limited to the person "to whom" the abstract is delivered, but it includes any person "for whom" it is made, compiled, or furnished. The trial court correctly construed this statute in holding that a person may order

an abstract by and through an agent and be within the protection of this statute.

According to the authorities hereinbefore cited, the finding by the trial court that the abstract was furnished "for plaintiff" disposes of that question, so far as the contentions of the defendants are concerned, and they are concluded thereby. The trial court also found, as a matter of fact, that the deed from Ira S. Hopkins to Delilah B. Hopkins was of record at the time said abstract was made for plaintiff, and that said abstract company negligently and carelessly omitted to show said deed, or any record thereof, in said abstract; but, on the contrary, said abstract showed that the land in question was allotted to Ira S. Hopkins, and also showed the execution and recording of the deed from said Ira S. Hopkins to the plaintiff, on July 16, 1909, and recorded on July 20th, thereby showing title in plaintiff, free and clear from all incumbrances of record, and that the plaintiff relying upon, and believing that said abstract contained a true and correct record of all instruments in the office of the register of deeds, affecting said property, paid said Ira S. Hopkins the sum of $500 for said land, and that, by reason thereof, the said plaintiff was damaged in the sum of $500.

The contention of defendants that:

"The person claiming damages on account of an erroneous abstract must establish the fact that his title would have been good, if it had been in the condition disclosed by the abstract"

—is likewise not well founded, for the reason that the court finds that plaintiff purchased the land on reliance of the title as shown in the abstract. By the showing in the abstract, he was induced to pay out $500 for the land; and, but for that showing, he would not have parted with

his money. Therefore the negligence and carelessness of the abstract company in furnishing "for plaintiff" the erroneous abstract was the direct and proximate cause of the damage sustained by him. The true rule in determining what is proximate cause is that the injury must be the natural and probable consequence of the negligence. *Okla. Gas & Elec. Co. v. Tukert,* 16 Okla. 397, 84 Pac. 1076.

The court further finds that an action was commenced by Delilah B. Hopkins against the plaintiff, F. S. Harris, to quiet the title to said land in her, under and by virtue of the deed from Ira S. to Delilah B., and that there was a reasonable probability of defeating said action, and that the plaintiff, for the purpose of defending the same, employed counsel at an expense of $100, and a further sum of $71.40 was incurred for traveling expenses, costs, and other necessary expenses connected with said case, and that he expended the further sum of $30 as commission for the purchase of said land from said Ira S., and the further sum of $25 for time and labor by plaintiff, to protect the title to said lands, making a total of $726.40, for which judgment was rendered.

Where there is competent evidence to support the findings of fact of the trial court, it is not within the province of the Court of Appeals to weigh the testimony, thereby substituting its judgment for that of the trial court. *Lynch et al. v. Halsell,* 34 Okla. 307, 125 Pac. 725; *Lamb et al. v. Wilke,* 19 Cal. App. 286, 125 Pac. 757.

We are brought to the question as to whether the court erred in allowing a recovery for attorney fees and other expenses, including costs taxed, in the case of Delilah B. Hopkins against this plaintiff, brought by her to quiet title to the land involved.

To our mind, this is the most difficult proposition raised in the case; at least, we find a greater lack of authorities directly in point. Upon reason, however, we are of the opinion that the court did not err in that particular. It appears in the findings of fact, not only that plaintiff believed there was a reasonable probability of defeating that action, but there was, in the opinion of the court, a reasonable probability of so doing. Under such circumstances, evidently it was the duty of the defendant in that case (defendant in error herein) to use reasonable means, including necessary and reasonable expenses to defeat, if possible, that cause of action, not only that he might reduce his own loss, but it was a duty he owed to the defendant (plaintiff in error herein) to reduce any damage he might sustain by reason of the erroneous abstract. Sutherland on Damages, vol. 1, p. 257. The same author, on page 251, says:

"On principle and weight of authority, where the prosecution or defense of a suit is rendered naturally and proximately necessary by a breach of contract, as any wrongful act, the cost of litigation, reasonably and judiciously conducted, paid, or incurred, including reasonable counsel fees, are recoverable as a part of the damages."

This same doctrine seems to be recognized in the following cases: *Ziegler v. Powell,* 54 Ind. 173; *Lawrence v. Hagerman,* 56 Ill. 68, 8 Am. Rep. 674; *Dale v. Shively,* 8 Kan. 276.

Where the person injured uses reasonable care to reduce the cost by wrong done him, he can recover from the wrongdoer in full for all damages, even though his own efforts to reduce the loss have increased it. *Mogollon Golden Copper Co. v. Stout,* 14 N. M. 245, 91 Pac. 724. Reasonable attorney fees and expenses incurred by plain-

tiff for defending an action brought by a third person, are a part of his damages, and can be recovered. *Curtley v. Security Savings Soc.*, 46 Wash. 50, 89 Pac. 180.

From the foregoing authority, aided by what seems to be a just and reasonable construction of the law, we are of the opinion that the ruling of the court on that question was correct.

There is no question but what the statutes of Oklahoma in force at that time gave the plaintiff the right to recover damages against the abstract company and its surety on its bond, for the negligent and careless manner in which it prepared said abstract for him, in failing to show the deed from Ira S. Hopkins to Delilah B. Hopkins, and that, by reason of the wrongful conduct of defendant abstract company in furnishing said abstract, the plaintiff was entitled to recover the other items of expense found by the trial court to have been expended by plaintiff.

After a full and fair consideration of the entire record in this case, we are unable to find any error in the findings of fact or conclusions of law by the lower court, but, on the contrary, the rulings and decisions of the court are sustained by weight of authorities.

We therefore recommend that the case be affirmed in all particulars.

By the Court: It is so ordered.