HUFF v. LEE.

No. 4002. Opinion Filed May 18, 1915.)

**CONTRACT WITH ATTORNEY—Indians.** Syllabus same as in No. 3999, Jack Postoak v. Albert J. Lee, ante, 149 Pac. 155.

(Syllabus by Gailbraith, C.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by Albert J. Lee against Zeno Huff. Judgment for plaintiff, and defendant appeals. Affirmed.

*Wm. J. Gregg, John B. Meserve,* and *Carter Smith,* Asst. U. S. Atty., for plaintiffs in error.

*Cruce & Cruce,* for defendant in error.

GALBRAITH, C. This was an action commenced in the trial court to recover an attorney's fee of $500 for services rendered in securing plaintiff a rehearing in the matter of submitting proof of his removal from Mississippi to the Indian Territory, and settlement and residence, so as to entitle him to an allotment of

land as a Mississippi Choctaw. The agreement was evidenced by a contract and promissory note. The defense was the incapacity of Zeno Huff to make the agreement on account of his being a full-blood Mississippi Choctaw, and a failure by the defendant in error to render any services under the contract. A jury was waived, and the cause tried to the court. There was judgment for the plaintiff, and the defendant appeals.

The same questions are raised in this case as in No. 3999, *Jack Postoak v. Albert J. Lee, ante,* 149 Pac. 155, this day decided. The law of that case controls this.

It appears from the record that Zeno Huff had been identified and enrolled as a Mississippi Choctaw, and within the year allowed by the act of Congress for making proof of removal and settlement and residence in the Indian Territory appeared at the Land Office with his witnesses, for the purpose of making the required proof, but failed to make the proof, and after the expiration of one year, his right to make proof was denied, but through the efforts of defendant in error a *nunc pro tunc* order was secured from the Department of the Interior, allowing him to submit the proof of his removal, settlement, and residence as of the date when he actually appeared at the Land Office, and under the order the proper proof was made and the allotment secured. There was abundant proof to show the rendition of valuable services in the case on the part of the defendant in error, and therefore sufficient to support the judgment of the trial court.

We, therefore, recommend that that judgment be affirmed.

By the Court: It is so ordered.