## HAMILTON TWP., OKMULGEE CO., v. UNDERWOOD.

No. 9692—Opinion Filed May 10, 1921.

(Syllabus.)

1. Evidence — Presumptions—Validity of Warrants.

It is a presumption of law that all public officers perform their duty, and in the absence of clear proof to the contrary, this court will refuse to hold that they did not do so in issuing warrants for claims against municipalities.

2. Municipal Corporations — Validity of Warrants— Presumption and Burden of Proof.

A municipal warrant is prima facie evidence of the validity of the claim for which it was issued, and if in an action instituted by the owner and holder thereof the municipality asserts as a defense a violation of some constitutional or statutory provision, the burden of proof is upon the municipality to clearly establish by competent evidence that at the time the debt was created, for which said warrants were issued, the governing body of the municipality violated the provision of the Constitution or section of the statute relied upon.

3. Appeal and Error—Review — Findings— Conclusivness.

Where a case is tried to the court without the aid of a jury, the court's finding of facts will be given the same weight as the verdict of a jury, and will not be set aside if there is any evidence reasonably tending to support it.

4. Townships—Validity of Warrants—Judgment—Affirmance.

Record examined, and held, that the judgment of the trial court should be affirmed.

Error from District Court, Okmulgee County, Ernest B. Hughes, Judge.

Action by Elmer Underwood against Hamilton Township, Okmulgee County, on township warrants. Judgment for plaintiff, and defendant brings error. Affirmed.

L. A. Wallace, Co. Atty., Joe S. Eaton, and L. L. Cowley, for plaintiff in error.

Edward Spiers, for defendant in error.

JOHNSON, J. This is an appeal from the district court of Okmulgee county; Hon. Ernest B. Hughes, Judge.

This action was commenced in the lower court by the plaintiff, Elmer Underwood, against the defendants, Hamilton township of Okmulgee county, Oklahoma, Okmulgee county, Oklahoma, and the Wylie Manufacturing Company, a corporation. No summons was asked to be issued for Wylie Manufacturing Company, and the demurrer of Okmulgee county was sustained, so that the controversy in this court is between Elmer Underwood and Hamilton township of Okmulgee county, of the state of Oklahoma.

The plaintiff in his petition, which contains seven separate causes of action, alleges, in substance, that on or about November 29, 1911, and of date of November 29, 1911, for a valuable consideration, to wit, the sale and delivery of certain machinery that said defendant township was authorized to purchase and buy, and that it did purchase and buy, for the use of said township, of and from the defendant Wylie Manufacturing Company, a corporation, the said defendant, Hamilton township, by and through its duly elected, qualified, authorized, and acting township officers, made and executed and delivered to said defendant, Wylie Manufacturing Company, a corporation of Oklahoma City, Oklahoma, their certain township warrants, in writing of that date.* * * That said warrants were duly presented, as provided by law, to the township treasurer of said township on or about the 29th day of November, 1911, and were not paid for want of funds, which was endorsed thereon. * * * That said warrants were sold and delivered to the plaintiff, who was the holder and owner thereof. To the petition were attached copies of the seven warrants sued upon.

The defendant's answer alleged the invalidity of the warrants issued, charging that the same were issued without the authority of law, in that they exceeded the legal estimate of the township made for the fiscal year, and that the same were issued upon an illegal contract and in lieu of certain other warrants issued by virtue of said contract which had been adjudicated to be

void in a suit brought for that purpose, and the warrants issued, on being issued in pursuance of a void contract and in lieu of warrants that had been adjudicated void, were likewise void.

As a reply to the defendant's answer, the plaintiff filed a general denial, and upon the issues thus joined by the pleadings the cause was tried to the court without the intervention of a jury, and at the conclusion of the trial the court made the following findings of fact and conclusions of law:

(1) "That at the time of making and executing the warrant, to wit: 51A, 52A, 53A and 54A for $500.00 each, and 55A for $830.00; 123 for $320.00; one 13B for $250.00, a binding and valid contract had been entered into between the duly authorized officers of Hamilton township and the Wylie Manufacturing Company; that said warrants were issued properly and in due form; that the contract, in payment of which said warrants were issued, was in all manner and things a valid and binding contract; that said contract was a new and distinct contract.

(2) "That when the contract of November 29, 1911, was entered into between Hamilton township and the Wylie Manufacturing Company, there were sufficient funds not yet expended with which to pay for said contract.

(4) "I further find that the approved estimate for Hamilton township for the fiscal year commencing July 1, 1911, and ending June 30, 1912, was $5,603.32. The court further finds, however, that there was no item in the amount of $3,400.00 in the estimate made and approved for purchasing tools.

(5) "I further find that on November 29, 1911, at the time of the execution of the contract upon which the warrants heretofore referred to are based, there were funds unexpended by said township, in excess of the aggregate amount of the warrants.

(6) "I further find that the warrants sued on in this cause have been presented for payment, but not paid for want of funds.

(7) "I further find that said warrants are at this time unpaid and that said warrants draw interest at the rate of 6 per cent. per annum from November 29, 1911, the date of their presentation and registration.

(8) "I further find that there is due and unpaid on warrant 51A the sum of $500.00 principal, and $151.25 interest, interest being computed to December 14, 1916; I find the same amount to be due on warrants 52A, 53A and 54A; I find that there is due and unpaid on warrant No. 55A the sum of $830.00 principal, and $251.07 interest, interest being computed to December 14, 1916. I find that there is due and unpaid on warrant No. 12B the sum of $320.00 principal,

and $96.75 interest, interest being computed to December 14, 1916. I find that there is due and unpaid on warrant No. 13B the sum of $250.00 principal, and $75.62 interest, interest being computed to December 14, 1916.

"Finding all the issues for the plaintiff, I therefore, conclude that as a matter of law, the plaintiff, Elmer Underwood, is entitled to recover against Hamilton township, a subdivision of Okmulgee county, the aggregate sum of $4,428.44, with interest from December 14, 1916, on $3,400.00 at the rate of 6 per cent. per annum.

"It is further ordered, adjudged and decreed by the court that the plaintiff, Elmer Underwood, have and recover of and from the defendant, Hamilton township, a subdivision of Okmulgee county, Oklahoma, for the sum of $4,428.44, with interest from December 14, 1916, or $3,400.00 at the rate of 6 per cent. per annum, which shall be enforced, collected and payable according to law; to all of which findings of fact and each of them, and to the conclusion of law and judgment, the defendant excepts and exceptions are allowed."

The defendant makes 17 specifications of error in its petition in error, concerning which counsel say in their brief:

"We will not attempt to argue each of the assignments in error separately, but will address ourselves to the three defenses that was made by the township to these causes of action in the court below, which we believe includes all of the assignments of error, except possibly one or two, which will be discussed separately.

"The three defenses to this action may be briefly stated as follows:

(1) "The contract of purchase on the 16th day of June, 1911, was void because it was an attempt to place upon the people of Hamilton township a debt payable in 1912, 1913 and 1914, without the authority of law.

(2) "The contract of June 16, 1911, being void, the attempted re-purchase of the machine on November 29, 1911, was an attempt to ratify a void contract, and therefore the warrants issued November 29, 1911, were void; these warrants are the ones sued upon in the court below.

(3) "Should the court hold that the proceedings had by the board of Hamilton township, November 29, 1911, either ratified the acts of the said board on June 16, 1911, or that a new contract was entered into by said board for the purchase of said roller on November 29, 1911, the plaintiff cannot recover, because when the warrants were issued on that day, the township funds were exhausted and the warrants therefore void."

These propositions are so related that we can and will consider them together.

We find that under the state of the record the sole question for our determination is whether or not there is competent evidence reasonably tending to support the findings of fact made by the trial court. If so, the judgment should be affirmed; if not, it should be reversed.

The record discloses that the plaintiff, Elmer Underwood, commenced this action to recover upon seven warrants issued by the official board of Hamilton township in Okmulgee county, four of which were in the sum of $500 each, and one in the sum of $830, each of which showed upon its face it was issued against the income and revenue provided for purchasing tools fund for the fiscal year ending June 30, 1912; one for $320 against the income and revenue provided for the fiscal year ending June 30, 1912, and one in the sum of $250 against the income and revenue provided for road and bridge fund for the fiscal year ending June 30, 1912; and that there was an amount in each of said funds sufficient to cover the amount of the face of said warrants, each of which was dated and attested as of November 29, 1911. The records of the township board of said date sustained these recitals upon the face of the warrants, and that a claim for the aggregate amount thereof was on said date presented to the board by the payee, which was allowed, and the board ordered that said warrants issue, as is fully shown by the proceedings of the board, which were as follows:

"It was moved by Fred McCullough and seconded by A. T. Cowherd, that the said claim of $3,400.00 be allowed and that $570.00 of said sum be charged against the road repairing and building fund, and that $2,830.00 of said sum be charged against the sum for purchasing tools and that warrants be ordered drawn against the respective funds and four warrants of $500.00 each and one warant for $880.00 be drawn and issued to the Wylie Manufacturing Co., against the tool fund, and that one warrant of $320.00 and that one warrant of $250.00 be drawn and issued to the Wylie Manufacturing Co., against the road repairing and building fund, which motion was upon being put to a vote duly carried."

Mr. Wesley Smith, who was township trustee at the time the warrants were issued, testified on cross-examination concerning the transactions of the board in substance that these warrants were issued upon a new and separate contract made for the purchase of the road roller and for the use of the same by the township before its purchase, and that the township had the funds at the time it issued these warrants to pay for the same, and that the township had kept the road roller and used the same upon its roads; and the plaintiff testified that he purchased the warrants, for a valuable consideration and in due course, from the payee, and the warrants were duly indorsed to him by the payee; and, as hereinbefore stated, the trial court made specific findings of fact in favor of the plaintiff.

We find from the record that there is competent testimony reasonably tending to support these findings of the trial court, and this court has frequently and universally held that where a case is tried to the court without the aid of a jury, the court's findings of fact will be given the same weight as the verdict of a jury, and will not be set aside if there is any evidence reasonably tendng to support them. Sango v. Sparks, 44 Okla. 223, 144 Pac. 1158; Postoak v. Lee, 46 Okla. 477, 149 Pac. 155; Huff v. Lee, 46 Okla. 485, 149 Pac. 158; Thompson v. Wilkinson, 46 Okla. 115, 148 Pac. 177; Washington County Abstract Co. v. Harris, 48 Okla. 577, 149 Pac. 1075; Dunn v. Modern Foundry & Machinery Co., 51 Okla. 465, 151 Pac. 893.

Section 26, art. 10, of the Constitution provides that:

"No county, city, town, township, school district, of other political corporation, or subdivision of the state, shall be allowed to become indebted in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election to be held for that purpose."

Other similar limitations on the power of counties or subdivisions to bind the county or subdivision may be found in sections 6, 7, 8, 9, and 10 of chapter 80, Session Laws 1910-11, which, in substance, provide that the county or other municipality may be bound only for the amount approved by the excise board and if the county officials incur indebtedness over such amount, they and their bondsmen, and not the county or subdivision, shall be liable for such indebtedness.

As we have seen, the trial court found in the instant case that none of these provisions had been violated in a contract made by the township board, or in the issuance and registration of the warrants sued upon, and we have found from the record that there is competent evidence reasonably tending to support the findings of the trial court.

In the case of City of Sulphur v. State ex rel. Lankford, Bank Com., 62 Okla. 312, 162 Pac. 744, in syllabus paragraphs 3 and 6, this court said:

"3. It is a presumption of law that all public officers perform their duty, and in the absence of clear proof to the contrary, this court will refuse to hold that they did not do so in issuing warrants for claims against municipalities."

"6. A municipal warrant is prima facie evidence of the validity of the claim for which it was issued, and if in an action instituted by the owner and holder thereof the municipality asserts as a defense a violation of some constitutional or statutory provision, the burden of proof is upon the municipality to clearly establish by competent evidence that at the time the debt was created, for which said warrants were issued, the governing body of the municipality violated the provision of the Constitution or section of the statute relied upon."

For the reasons stated, and in view of the authorities cited, we are of the opinion that the judgment of the trial court should be affirmed, and it is so ordered.

HARRISON, C. J., and PITCHFORD, MILLER, and ELTING, JJ., concur.